Good morning, Your Honor. Dave Goodwin for Mr. Turner. I'll just be very brief. I received a court's notice about Butler, your inquiry about Butler, and Ms. Kim's letter, and I assume that's the issue you wanted to address, whether the finding of one factor is sufficient. I think the only thing I have to say is the judge in imposing the high term used the plural of different victims. It was a conviction of one other victim, so the use of different victims was not found by the jury. The other factors that the court relied on are particularly not suited to that sort of determination. Excessive violence, that's the sort of thing that a jury should find. What was the other factor? Dangerousness to the community. These are all vague factors that are very hard to pin down. So the only factor made is multiple victims, and there weren't multiple victims because one of them was acquitted. It was a singular other victim, and he received several punishments for the other victim in terms of the high term for when he sentenced on count eight, I believe it was. He said that's because it's a different victim. I have to say the one problem that I see with what we have in front of us now that we know that Cunningham is retroactive is that Judge Klein writing for the Court of Appeal, and you point this out in your brief, says that the jury found that there had been a prior conviction. But I don't think that's true. I was wrong about it. I'm sorry. Pardon me? The jury had not found that. I was wrong about that. Well, no, you point that out. Pardon me? Judge Klein says that. He's wrong. You point that out. Yes. What I'm concerned about is that it seems to me that he's then affirming the sentence based upon a mistake, and we may have to grant and send back for resentencing on that point. On the other hand, it seems to me that, well, it's almost indisputable that there were several such convictions, so I'm not quite sure what we're supposed to do with that. I mean, when we send it back, I mean, is it going to be there in the record somehow, or maybe we supplement the record? I'm not sure what we do. In legal terms, how does we have prejudice under Breck if it seems pretty apparent that what's going to happen if it goes back is exactly the same thing that happened before? Well, if it goes back and it's pointed out that there wasn't a prior conviction, it's not necessarily going to be the same thing. Well, but there was a prior conviction. There were several prior convictions. They weren't found by the jury, but convictions don't have to be found by the jury. The mistake made by the court of appeal was really the reference to being found by the jury. But since the court itself can find a prior conviction, I can't see how anything changes. And as a result, I can't see how there's – I don't know where the court of appeal found it because there was nothing in the record about that. Oh, I'm not saying the court of appeal could, but you get back to the sentencing court, the sentencing court's going to find that there's a prior conviction and in a sense going to justify the sentence that was already imposed, and what changes? Well, if there is no prior conviction – But there is. We know that there is. Well, we do and we don't, meaning we know in our hearts, but I'm not sure we have anything in the record that tells us indisputably that that's so. We've got PSR. We've got all kinds of stuff. So we know as a practical matter that not only there was one, there were several. But I'm not sure it's in the form of the record in which we can ourselves say that, which is what bothers me. Because I don't really want to grant a writ when it's just pro forma and all we're going to get is paperwork and we end up at the same place. I think what the judges are asking you, counsel, is two things really. First, is the pre-sentence report that was before the trial judge, the State trial judge when sentence was imposed, is the pre-sentence report in the record? Secondly, does the pre-sentence report reflect prior convictions? And third, is it your position that any of those prior convictions can be attacked or could be attacked on remand? In other words, is it your position that you have at least a flicker of hope that you could persuade a trial judge on effectively remand? If the writ is granted, the matter is sent back to the State court for sentencing. Do you have a flicker of hope that you could persuade the trial judge, one, that there were no prior convictions, and or two, if there were prior convictions, he or she should nevertheless exercise discretion not to count them, not to increase the sentence? Well, I'm going to have to plead ignorance because I never saw the record on what those prior convictions were. I don't know how valid they are. I don't know what the basis would be. So I really don't know. At what point did you begin representing your client? Pardon me? At what point in these proceedings did you begin representing your client? After the denial of the petition for review in the California Supreme Court. And the facts underlying the probation report are not anything that the State appellate, a court attorney, would have seen. He would have seen the probation report, but he wouldn't have seen any of the underlying facts of that. And I have no idea what the basis of that is. So I don't know whether I could – I can't make a representation that I could attack those convictions. Okay. And I understand what you're saying. I don't want to put you on the spot. But isn't it the rule in California that where the issue of prior convictions comes up where it's relevant for sentencing, if the pre-sentence report says so-and-so was convicted, the burden then shifts to the defendant to say, no, I wasn't or that conviction isn't valid or you can't rely on it or something like that. In other words, wouldn't there be a record at the original sentencing if there was a challenge to any of those convictions? There isn't no provisional sentencing. There's a probation report. And unless there's something that the judge is relying on, there may not be a reason to question it. Well, there are prior convictions listed here. I mean, I've got the probation report. Yeah, but unless the judge is relying on it, unless the judge says prior convictions, the attorney might not have questioned it. Well, you would question it before. You don't find out what the judge is going to rely upon until the judge imposes sentence. So if you have a probation report or a pre-sentence report, you think there's factual inaccuracies, you challenge that so that the judge doesn't go to rely upon it. Is there anything in the record that suggests there was a challenge to the accuracy of the probation report? No. Is any suggestion to probation report that's a part of our record and it's submitted in a sealed fashion so that looking at it, it doesn't itself say whether it was part of the state court record, but I presume it would have to have been. Is there any reason why a judge sitting in superior court in California couldn't and wouldn't rely upon this report to find the fact of prior conviction? He could rely on it, but it wasn't one of the reasons that he gave. That's all I can say. Okay. Why don't we hear from the other side, and then we'll give you a chance to respond. Good morning, Your Honor. This is Deputy Attorney General Susan Kemper, respondent of LA. If you can keep your voice up, please. Okay. I just want to clarify first regarding the probation report that was lodged under seal in this court and in the district court. It was from the California Court of Appeal record, and it does reflect numerous prior convictions by petitioner in the instant case. So just that first clarification. Was that pre-sentence report the one that was used at the original sentencing? It was used at the second sentencing, the resentencing. Right. Okay. Yes. That was the probation report that was presented, I believe, at the resentencing after the second appeal for petitioner's direct appeal. Could you clarify one thing for me? One of the disputes between the justices of the Supreme Court in Cunningham was that there was the significance of what they understood to be the California rule in determining whether the California rule violated apprending. And the suggestion was made that while an aggravating factor is a necessary predicate for the higher term to go beyond the midterm, it wasn't net – I mean, it was sufficient, but it wasn't necessarily the case. That the trial judge could nevertheless say, all right, I find these aggravating factors that would authorize me to go from the midrange up to the high range, but in the exercise of my discretion, I elect not to sentence above the midrange. Is that an option in California law as you understand it? In 2007, there was an amendment to the way that the sentencing was structured, so the trial court has full discretion post-2007. I don't have the exact month. But before that, I believe the way that it was done generally under California law for sentencing of the lower, middle or upper terms was the middle term, if the court were to choose the upper term, then the court would have to cite various reasons for why it was imposing the upper term. And if the trial court found that the aggravating factors outweighed the mitigating factors, then generally the trial court would impose the upper term and cite those reasons for why it was imposing the upper term. Okay. So if we accept your position, which is that the pre-sentence report is accurate, that it accurately reflects prior convictions of the defendant, and those prior convictions would justify the higher term, if we accept that, is it true that the defendant can't possibly have been harmed because it's a foregone conclusion that the trial court on remand would rely on those prior convictions to justify   conclusion that the trial court on remand would rely on those prior convictions to reach the same sentence he or she did in the first instance? Or did the judge nevertheless have discretion to say all right, I found those other aggravating factors that in my view were sufficient, those have been rejected, I could find this one, but for some reason I'd like not to do so? Is that possible under California law? I believe specifically under the Brecht prejudice test for this Federal HABIS proceeding, my position is that under that standard, the probation report, which reflects the numerous prior convictions of Petitioner, which is in the record in this case, it is reasonably probable that had the trial court known of likely concerns at the time of the resentencing hearing, would have, you know, listed an aggravating factor pertaining to the prior convictions, which would have fallen under the Alvanderez-Torres exception, which also states that the prior convictions, that's not something that needs to be presented before a jury and found by the jury beyond a reasonable doubt. So the Respondent's position is that under the Brecht harmless error test, for that specific portion of the argument, yes, it is reasonably probable that the trial court at sentencing would have chosen an aggravating factor concerning the prior convictions of Petitioner in this case. What do we do with, I think, I'm not trying to hide anything here at all. I don't want to have the writ granted, send it back to the State for a resentencing where I know what's going to happen, and all we've done is create work for everybody. So that's where I'd like to go if I can get there. One of the problems I'm having, though, is that in other areas we are not allowed to rely on the accuracy of pre-sentence reports. They're usually accurate, but they're not always accurate, and there are various procedures for challenging them and so on. And so let me ask the question that was already asked before, but was there any challenge to the accuracy of the pre-sentence report at the time of sentencing, and was there a reason why a good lawyer representing the defendant would have challenged the accuracy of the pre-sentence report with respect to these convictions? For the first question, upon my reading of the reporter's transcript of the resentencing hearing, I do not believe that there was a challenge to the probation report specifically made by defense counsel at that time, and generally I don't believe that such challenges are made on a regular basis, unless there's a specific issue relating to perhaps prior conviction allegations or other specific issues concerning that. But I don't believe that that was done in this case, the resentencing hearing. Would the defendant have been advantaged by challenging the pre-sentence report with respect to those convictions if, in fact, the convictions didn't exist? Or would it have made no difference to the sentence? I don't believe that that would have made a difference, but there –  So I don't think so. Upon my reading of the record in the resentencing hearing transcript. Well, is that because, in retrospect, the trial judge was impressed with other things? Yes, Your Honor. The aggravating factors cited by the trial court were not the prior convictions. But as has been mentioned, competent trial counsel wouldn't have known that in advance. So under California law, would prior convictions have justified the higher term? Yes. In this case, it would have, Your Honor. So competent counsel would have been aware of that, recognized his client was at risk or her client was at risk. Wouldn't he not then, in order to dot I's and cross T's, have challenged any conviction that might, standing alone, have justified a higher term? I can't say for certain whether counsel in this case should have or would most likely have done so, because the resentencing hearing was done before, I believe, the Blakeley opinion came out in 2004. It was a few months before that, so counsel did not have the advantage of that opinion at that time. However, I do want to focus on the fact that the trial court's actual given aggravating factors at the resentencing hearing for – specifically for counts six and count eight. Their respondent's position is that there's no constitutional violation regarding these counts, because the aggravating fact given by the trial court concerning multiple victims to impose the upper terms in both these counts was actually found true by the jury beyond a reasonable doubt in the special findings. And I just wanted to emphasize that for those two counts. And moving on to the Brecht-Thomas-Ehrhardt-Ness to all three counts, counts six, eight, and ten, as I mentioned before, the prior convictions could have been used by the trial court had it known of Blakeley's concerns at the time. But also separately from that, for count six, there were three reasons given by the trial court. One, that there were multiple victims, which I discussed. And the other two, as defense counsels also mentioned, that the crime, which was forceful rape against one of the victims, was extremely violent, and that petition was a danger to society, which are both factors in the California rules of court. And its respondent's position that given the evidence at trial in this case, it is reasonably probable that a jury would have found at least one of those three aggravating facts true beyond a reasonable doubt. And that's why it would be harmless under Brecht for all three of those factors. But you only just need one to support the upper term in count six. I see. So even if we don't – so in your position, we don't necessarily need to get to the question of the prior convictions given the evidence you're saying that under Brecht reasonably probable that the jury would have convicted – would have found guilty would have found that factor and, therefore, it's available under sentence. Yes, Your Honor, because only one is necessary for that count or for any of the individual counts. And given the strength of the evidence. Yes, Your Honor. Okay. I see the argument. So the similar argument is also made for count ten and count eight as well. For count eight, the reason given, there was only one reason, which was the multiple victims circumstance. And that, given that the jury actually did find that true beyond a reasonable doubt, I believe that it is highly likely the jury would have found that fact true beyond a reasonable doubt. Okay. And analyzing that under the Brecht harmless error standard. As for count ten, the reasons given by the trial court for imposing the upper term in that count were that – and this was the sexual penetration count against another victim. And the trial court stated this is another victim, plus the petitioner had the opportunity to pause and reflect and discount his actions during this incident if he had chosen to. And the evidence in trial showed that petitioner attacked this victim. He – she was walking on the street home from work. He basically grabbed her, punched her repeatedly, dragged her into a car, drove her to another location where he sexually assaulted her with various sexual acts, including forcible oral copulation, the penetration count, for which count ten is the basis, as well as forcible rape. And so during this incident, he had the opportunity to reflect and pause because he actually even complained to the victim when she was trying to escape from this car that she should not damage his car door, which was broken and she couldn't get out. So based on the evidence given at trial concerning this count, it is also Respondent's position that under the Brecht standard, it is reasonably probable that a jury would have found these facts in whether trial court beyond a reasonable doubt. So that is Respondent's position for the harmless air portion of the argument. Okay. Thank you. Thank you, Your Honors. Just very briefly, he didn't rely on multiple victims in count six. In count six, he said that there were other victims. There was one other victim that was a conviction. The jury found one other victim. So it's not multiple victims, it's other victims. I think that's a good point. It depends. Multiple of two. Yeah, but he said, I'm finding it because of other victims. Yeah, no. Which implies a non-conviction. One other victim, yeah. I take that. And other than that, I submit. Yeah. Okay. Thank you very much for your arguments. The case of Turner v. Hernandez is now submitted for decision.
judges: Singleton, Fletcher W. , Clifton, Tallman, Paez, Smith M.